UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. COPENY,

              Plaintiff,        Civil Action No. 16-11604
                                       Honorable Matthew F. Leitman
                                       Magistrate Judge David R. Grand

v.

MEIJER GREAT LAKES
LIMITED PARTNERSHIP, LLC,

              Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT [1] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

**I.    PROCEDURAL HISTORY**

On March 30, 2016, *pro se* Plaintiff Gary M. Copeny filed a complaint in the Fifteenth Judicial District Court in Ann Arbor, Michigan, against Defendant Meijer Great Lakes Limited Partnership, LLC ("Meijer"), alleging unlawful employment discrimination in violation of the Veterans Employment Opportunities Act. (Doc. #1). On May 4, 2016, Meijer filed a Notice of Removal, removing the case to this Court. (*Id.*). Also on May 4, 2016, Meijer filed an answer to Copeny's complaint. (Doc. #4). On May 6, 2016, this case was referred to the undersigned for all pretrial purposes by District Judge Matthew F. Leitman. (Doc. #7). This Court has retained jurisdiction over this case at all times since its removal to this Court in May 2016.

On June 24, 2016, Meijer filed a Motion to Compel Plaintiff to Respond to Defendant's First Request for Production of Documents and to Appear for a Deposition. (Docs. #9, 10). In this motion, Meijer asserts that Copeny failed to respond to its first request for production of documents and to appear for a scheduled deposition. Meijer states that it tried contacting Copeny by phone to avoid having to file its motion, but Copeny did not answer the phone or

respond to a June 17 voicemail.

Copeny has failed to participate in this litigation more than once. The Court issued a Notice of Telephonic Conference to the parties on June 21, 2016, directing them to participate in a telephonic scheduling conference with the Court on June 28, 2016 at 10:00 a.m. (Doc. #8). Copeny, however, failed to participate in this telephonic scheduling conference. At the scheduled time on June 28, the Court called Copeny's phone number, but a recording said it was unable to receive phone calls. As a result, on June 29, 2016, the Court issued an Order to Show Cause, ordering Copeny to show cause as to why this case should not be dismissed for his failure to participate in the June 28 telephonic scheduling conference. (Doc. #11). The Court ordered Copeny to show cause in two ways: by providing a working telephone number, in writing, on or before July 14, 2016; and by participating in a telephonic scheduling conference on July 21, 2016 at 3:30 p.m. (*Id.* at 2). The Court expressly warned Copeny that, "if he fails to comply with the Court's order by failing to provide a number where he can be reached and/or by failing to participate in the July 21, 2016 telephonic scheduling conference, the Court will recommend dismissing the case pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). To that end, on June 29, 2016, the Court also issued a separate Notice of Telephonic Conference to the parties, directing them to participate in this second telephonic scheduling conference with the Court. (Doc. #12).

Unfortunately, Copeny did not comply with the Order to Show Cause; he did not provide a new telephone number where he could actually be reached, and when the Court, at the scheduled time on July 21, called Copeny at the number he had previously provided, a recording said it was unable to receive phone calls.[1]

---

[1] The Court also notes that none of its orders or notices have been returned to the Court as undeliverable.

**II.     ANALYSIS**

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court expressly warned Copeny that his case could be dismissed if he failed to file a response to the Court's Order to Show Cause and to participate in the second telephonic scheduling conference. (Doc. #11). Yet Copeny failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal. As to the second factor, Meijer is prejudiced by having this action pending against it without it being advanced to a timely conclusion due to Copeny's apparent abandonment of his claims. Finally, given Copeny's failure to provide his phone number and to participate in the second telephonic scheduling conference as ordered, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." (*Id.*). Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." (*Id.*).

discussed above, Copeny has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to take the steps necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Copeny's complaint **[1]** and his claims against Meijer be **DISMISSED WITH PREJUDICE**.

Dated: July 22, 2016  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2016.

                                                 s/Eddrey O. Butts
                                                 EDDREY O. BUTTS
                                                 Case Manager